UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF SAUL OFFIT, by Its Executor, Marc Offit, Plaintiff, v. FINANCIAL CREDIT INVESTMENT III SPV-B (CAYMAN), L.P., Defendant. | No. 26-cv-00666 (JMF) |

**~~[PROPOSED]~~ CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS, Plaintiff, Estate of Saul Offit, by its Executor, Marc Offit, and Defendant, Financial Credit Investment III SPV-B (Cayman), L.P. (together, the "Parties" and each a "Party"), jointly request that the Court enter a protective order (the "Order") pursuant to Federal Rule of Civil Procedure 26(c) governing certain potentially nonpublic and confidential material exchanged in discovery in this action (the "Action");

WHEREAS, this Order does not confer blanket protection on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items entitled, under applicable legal principles, to confidential treatment;

WHEREAS, this Order does not create any entitlement to file information under seal or in redacted form;

WHEREAS, to the extent that any party or non-party may believe that discovery in this case may involve confidential documents or information, the public disclosure of which would

cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, the Court finds good cause to enter an appropriately tailored confidentiality order governing the pretrial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties, their representatives, agents, experts, consultants, all nonparties providing discovery in this Action, and all other persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind produced or disclosed pursuant to and in the course of discovery in this Action ("Discovery Material") that is designated "Confidential" pursuant to this Order ("Confidential Discovery Material") shall not disclose or use such Confidential Discovery Material except as expressly permitted by this Order.

2. A person or entity producing Discovery Material including any non-Party producing Discovery Material in this Action subject to a subpoena or third-party witness testifying under subpoena (a "Producing Person") may designate any Discovery Material they have themselves produced as "Confidential" under the terms of this Order if such Producing Party has good cause to believe that such Discovery Material satisfies the definition of Confidential Discovery Material.

3. Confidential Discovery Material is defined as, but shall not be limited to, any Discovery Material that contains: (1) trade secrets; (2) proprietary information, including but not limited to competitively sensitive technical, marketing, financial, sales, or other confidential business information; (3) private or confidential personal information; (4) information received in confidence from third parties; (5) information that may cause substantial harm to the

Producing Party's business, reputational, or other interests if the information is disclosed (whether or not pursuant to the terms of this Order); or (6) any information which any Producing Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c).

4. Confidential Discovery Material shall not include, *inter alia*: (i) information in the public domain; (ii) information that is or becomes publicly available in substantially the same form in which it is produced, but not if such information becomes publicly available as a result of a breach of this Order; or (iii) information that is voluntarily de-designated by the Producing Party or, in the event of multiple designating parties, each such designating party.

5. Except for deposition transcripts and exhibits, a Producing Person may designate Discovery Material as Confidential by clearly marking the protected portion "CONFIDENTIAL" in a manner that does not interfere with legibility or audibility. For material produced in native or other electronic format, the designation may be made in the filename, on a placeholder page, in the production load file, or by other written notice identifying the material. Material originally produced and given any form of confidentiality designation in another action and reproduced in this Action will be presumptively treated as Confidential under this Order.

6. With respect to deposition transcripts and exhibits, a Producing Person may designate material as Confidential either: (a) on the record during the deposition, in which event the court reporter shall mark the designated testimony and any designated exhibit as "Confidential Information Governed by Protective Order"; or (b) by written notice to the court reporter and all counsel of record, within thirty (30) days after the conclusion of the deposition, identifying the specific pages and lines of testimony and the specific exhibits to be designated Confidential. During that thirty-day period, the entire transcript and all deposition exhibits shall

be treated as Confidential. Any exhibit previously designated Confidential shall retain that designation without further notice.

7. If, before trial, a Producing Person learns that Discovery Material previously produced without a confidentiality designation should have been designated Confidential, the Producing Person shall promptly notify all known recipients in writing and identify the material to be treated as Confidential. Upon receipt of such notice, the recipients shall make reasonable efforts to mark and treat the material as Confidential. An inadvertent failure to designate Discovery Material as Confidential at the time of production does not, standing alone, waive a claim of confidentiality.

8. Nothing in this Order shall be construed as: (a) a waiver of any right to object to a discovery request; (b) a waiver of any privilege, work-product protection, or other protection; (c) an admission that any Discovery Material is relevant, authentic, or admissible; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons, and only to the extent reasonably necessary for the prosecution, defense, or resolution of this Action:

a. the Parties and their current officers, directors, members, partners, employees, agents, representatives, auditors, and insurers who have a need to know the information for purposes of this Action;

b. counsel of record in this Action, including attorneys, paralegals, secretarial and clerical personnel, and other employees or contractors assigned to this matter;

c. outside vendors or service providers retained by counsel and assigned to this matter, including copy services, document-management consultants, graphic-production services, trial-support services, translation services, and computer personnel administering a litigation-support system;

d. a mediator or arbitrator engaged by the Parties or appointed by the Court, provided that the person first executes the Non-Disclosure Agreement attached as Exhibit A;

e. as to a particular document, its author, addressee, custodian, any person shown on the face of the document as having received it, and any person who counsel reasonably believes previously possessed or knew the information contained in it;

f. a witness or potential witness who, in the good-faith judgment of counsel, may be called to testify at a deposition, hearing, or trial in this Action, provided that the person first executes the Non-Disclosure Agreement attached as Exhibit A;

g. a person retained by a Party to serve as an expert witness or consultant, or otherwise to provide specialized advice to counsel in connection with this Action, provided that the person first executes the Non-Disclosure Agreement attached as Exhibit A;

h. stenographers, videographers, interpreters, and other personnel engaged to record or facilitate depositions or proceedings in this Action;

i. Mock jury participants, provided, however, that prior to the disclosure of Confidential Discovery Material to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Stipulation to such person, shall explain that such person is bound to follow the terms of this Stipulation, and shall secure the signature of such

person on a statement in the form attached hereto as Exhibit A, which signed form counsel for the Party making the disclosure shall retain;

j. this Court, any appellate court, and their respective court reporters and support personnel; and

k. any other person agreed to in writing by the Producing Person or authorized by order of the Court.

10. Counsel shall retain each signed Non-Disclosure Agreement and shall produce it to opposing counsel before the signatory is permitted to testify at a deposition, hearing, or trial, or at the conclusion of this Action, whichever occurs first. Nothing in this paragraph requires disclosure of the identity of a non-testifying expert or consultant before such disclosure is otherwise required by the Federal Rules of Civil Procedure or Court order.

11. A Party objecting to a confidentiality designation may, at any time before trial, serve written notice on counsel for the designating person stating with particularity the grounds for the objection. The Parties shall promptly meet and confer in good faith. If the dispute is not resolved, it shall be presented to the Court in accordance with the Court's Individual Rules and Practices in Civil Cases. The material shall continue to be treated as Confidential until the dispute is resolved by agreement or Court order. The designating person bears the burden of establishing that the challenged material is entitled to confidential treatment.

a. If the Court determines that any documents or information are not properly designated as Confidential Discovery Material, the Parties will continue to treat the material as Confidential for a period of fourteen (14) calendar days following entry of such order, during which time the designating person may apply to the Court for a stay of such order

pending an interlocutory appeal of the Court's order. If such an appeal is taken and/or such motion is made, then the Parties shall continue to treat the material as Confidential until any such interlocutory appeal and/or motion is resolved. If no such appeal is taken and/or no such motion for a stay pending interlocutory appeal is made, the Confidential treatment of the material shall end at the expiration of the fourteen (14) calendar day period.

b. If the Producing Party is unsuccessful in defending the designation of Discovery Materials as Confidential Discovery Material, the Producing Party shall produce a new version of the documents without the "Confidential" notation and, if necessary, file and serve an amended public version of any court papers that were filed under seal with the Court because it was claimed to contain Confidential Discovery Material.

12. A person seeking additional restrictions on disclosure, including an "attorneys' eyes only" designation in extraordinary circumstances, may serve written notice stating with particularity the grounds for the request. The Parties shall promptly meet and confer in good faith. If the dispute is not resolved, it shall be presented to the Court in accordance with the Court's Individual Rules and Practices in Civil Cases.

13. Recipients may use Confidential Discovery Material only for the prosecution, defense, or resolution of this Action and any appeal thereof. Confidential Discovery Material shall not be used for any business, commercial, investment, or competitive purpose, or in connection with any other litigation or proceeding in the absence of a written agreement by the relevant parties so permitting. Nothing in this Order affects a Producing Party's rights with respect to use and disclosure of its own documents or information, or limits the use or disclosure of information obtained independently from, and not through, discovery in this Action. Any Party issuing (or which has previously issued) a subpoena to a non-Party shall provide a copy of

this Order and notify the non-Party that the protections of this Order are available to such non-Party.

14. Nothing in this Order prevents a person from producing Confidential Discovery Material in response to a public-records request, lawful subpoena, court order, compulsory process, or legal requirement. Unless prohibited by law or impracticable because of the time allowed for compliance, the person receiving the request shall provide written notice to the Producing Person as soon as reasonably possible and no less than ten (10) days before disclosure. In no event shall the person receiving the request produce or disclose any Confidential Discovery Material until at least ten (10) business days have elapsed since providing written notice to the Producing Person, unless prohibited by law or regulatory order from providing such notice. The Producing Person may seek appropriate relief, but the person receiving the request shall not be required to disobey a lawful directive or order.

15. A Confidential designation does not create a presumption or entitlement that the material may be filed under seal or in redacted form. Any party seeking to file Confidential Discovery Material under seal shall comply with Rule 7 of Judge Jesse M. Furman's Individual Rules and Practices in Civil Cases, the S.D.N.Y. Electronic Case Filing Rules and Instructions, and applicable law, including the requirement to meet and confer in advance and to file an appropriate public letter-motion seeking Court approval.

16. When a party seeks leave to file a document in redacted form, it shall comply with Rule 7 of Judge Jesse M. Furman's Individual Rules and Practices in Civil Cases.

17. Each person with access to Confidential Discovery Material shall take reasonable precautions to prevent unauthorized or inadvertent disclosure. A person or Party responsible for an unauthorized disclosure shall, within five (5) business days after discovering it: (a) notify the

Producing Person in writing of all pertinent facts; (b) use best efforts to retrieve all copies of the material and prevent further disclosure; (c) inform the unauthorized recipient of the terms of this Order; and (d) request that the unauthorized recipient execute the Non-Disclosure Agreement attached as Exhibit A and return or destroy any copies of the Confidential Discovery Material in their possession. These obligations are without prejudice to any other rights or remedies.

18. Personally Identifying Information ("PII"), including Social Security numbers, financial-account numbers, passwords, dates of birth, home addresses, medical records, and other information that could facilitate identity theft or fraud, shall be maintained securely and confidentially by all recipients. A recipient that experiences or learns of a data breach involving PII shall immediately notify the Producing Person and reasonably cooperate in addressing and remediating the breach. The Producing Person may seek appropriate relief from the Court to prevent further disclosure or to address harm caused by the breach. Nothing herein waives any claim, defense, or legal right arising from a failure to safeguard PII.

19. A Producing Person may redact PII from any Discovery Material before production without affecting the discoverability or admissibility of the balance of the material, and no such redaction shall be deemed to render the material incomplete. If a Producing Person produces Discovery Material containing PII that was not properly redacted, whether inadvertently or otherwise, the production shall not constitute a waiver of any right to redact or protect that PII. Upon written notice from the Producing Person identifying Discovery Material as containing PII that should have been redacted, the receiving person shall promptly cease reviewing, using, and disclosing the identified material and, within five (5) business days, return, destroy, or sequester all copies of the material in its possession, custody, or control, and shall make reasonable efforts to ensure that any notes, analyses, memoranda, or other materials

derived from the identified material are likewise sequestered or destroyed. Counsel may retain one sequestered copy of the unredacted material solely for purposes of seeking a Court determination as to the propriety of the redaction. Within five (5) business days after the receiving person confirms return, destruction, or sequestration, the Producing Person shall provide a replacement copy of the Discovery Material with the PII properly redacted. The receiving person may move the Court for an order challenging the redaction, provided that any such motion and the material at issue shall be filed under seal or otherwise submitted as directed by the Court, and shall not disclose the PII at issue. The Producing Person retains the burden of establishing that the redacted information constitutes PII entitled to protection.

20. Pursuant to Federal Rule of Evidence 502, if a party or other Producing Person discloses information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection ("Disclosed Privileged Information"), whether inadvertently or otherwise, the disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or protection in this or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and the provisions of Federal Rule of Evidence 502(b) shall not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. Upon receiving written notice that specified material is claimed to be Disclosed Privileged Information, the receiving person shall promptly cease reviewing, using, or disclosing the material and, within five (5) business days, return, destroy, or sequester all copies. Counsel

may retain one sequestered copy solely for purposes of seeking a Court determination under paragraph 22. Counsel shall certify compliance in writing upon request.

22. Within five (5) business days after the receiving person confirms that the Disclosed Privileged Information has been returned, destroyed, or sequestered, the Producing Person shall provide a privilege log entry or other information sufficient to identify the basis for the claim of privilege or protection, unless the information is otherwise exempt from logging by agreement or Court order.

23. The receiving person may move the Court for an order compelling production of Disclosed Privileged Information. Any such motion and the material at issue shall be filed under seal or otherwise submitted as directed by the Court, and the motion shall not assert the fact or circumstances of the disclosure as a ground for finding waiver.

24. The Producing Person retains the burden of establishing the privileged or protected nature of any Disclosed Privileged Information. Nothing in this Order limits the right of any person to request in camera review.

25. This Order survives the final disposition of this Action and remains binding on all persons to whom Confidential Discovery Material is disclosed. Within thirty (30) days after final disposition, including the exhaustion or expiration of all appellate rights, each recipient shall return or destroy all Confidential Discovery Material and, upon request, certify in writing that it has done so. Counsel specifically retained for this Action may retain archival copies of pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if they contain Confidential Discovery Material, and such archival copies remain subject to this Order. Confidential Discovery Material stored on disaster-recovery or archival backup systems need not be affirmatively deleted if it is not reasonably accessible in

the ordinary course, but it remains subject to this Order and may not be restored except for legitimate disaster-recovery purposes.

26. Under no circumstances may Confidential Discovery Information be uploaded to a Generative AI tool or product that is accessible to the public at large, such as ChatGPT, Claude, Jasper, Perplexity, and Gemini. Such Confidential Discovery Information may only be entered into a "Secure AI Tool," which is defined as an internal, closed network Generative AI tool that is secure, encrypted, hosted on either a private cloud environment or a private tenant in an otherwise public cloud, does not permanently retain data inputted by the Parties, and is not used to train or improve any public or private Generative AI models. To the extent any Party enters, uploads, or otherwise submits by any means any Confidential Discovery Information into a Secure AI Tool, such information or document and results received from it must be (a) viewable only by persons authorized to receive such information or documents under this Order, (b) not accessible to any person who is not authorized to receive such information or documents under this Order, and (c) available exclusively for a use that is expressly permitted by this Order.

27. All persons subject to this Order acknowledge that a willful violation may subject them to punishment for contempt of court. The Court retains jurisdiction over all persons subject to this Order to the extent necessary to enforce obligations arising under it or to impose sanctions for contempt.

28. Nothing in this Order prevents any Party or other person from seeking modification of its terms for good cause, and the Court may modify this Order at any time.

29. Compliance with Civil Case Management Plan and Scheduling Order. To the extent there is any discrepancy between this Order and the forthcoming Civil Case Management

Plan and Scheduling Order to be entered in the Action, the procedures set forth in the Scheduling Order shall govern.

The Court's endorsement of this Stipulation binds the Parties to treat as confidential the material so designated, but the Court has not reviewed that material and makes no finding that any particular material is confidential. Any such finding will be made, if necessary, on a document-by-document basis under the Court's Individual Rules and Practices and the presumption in favor of public access to judicial documents. The Court does not approve any provision to the extent it purports to authorize the filing of material under seal or in redacted form without prior Court approval.

**IT IS SO STIPULATED AND AGREED.**

Dated: July 24, 2026

**COZEN O'CONNOR**

By: /s/ *Matthew Bleich*
Matthew Bleich (admitted pro hac vice)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
mbleich@cozen.com

*Attorneys for Plaintiff*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

By: /s/ *Bonnie M. Baker*
Steven M. Pesner, P.C.
Jamuna D. Kelley, Esq.
Bonnie M. Baker, Esq.
7 Times Square
New York, NY 10036-6516
bbaker@fklaw.com

*Attorneys for Defendant*

**SO ORDERED.**

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**JESSE M. FURMAN**
United States District Judge

Dated: New York, New York
July 27, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESTATE OF SAUL OFFIT, by Its Executor, Marc Offit,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL CREDIT INVESTMENT III SPV-B (CAYMAN), L.P.,<br><br>Defendant. | No. 26-cv-00666 (JMF) |

## EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, ________________________________________, acknowledge that I have read and understand the Stipulated Confidentiality and Protective Order entered in this action (the "Protective Order"). I agree to be bound by the Protective Order and not to disclose or use any Confidential Discovery Material except as expressly permitted by the Protective Order and solely for purposes of this action and any appeal. At the conclusion of the action, I will return or destroy all Confidential Discovery Material in my possession, custody, or control as required by the Protective Order. By signing this Agreement, I submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Protective Order, and I understand that a willful violation of the Protective Order may subject me to punishment for contempt of court.

**Dated:** ______________________________________

**Signature:** ______________________________________

**Printed Name:** ______________________________________

**Address:** ______________________________________

______________________________________